**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------X
                                              :
MALIBU MEDIA, LLC,                            :
                                              :    Case No. 1:15-cv-10133-RA
                        Plaintiff,            :
                                              :    Judge Abrams
            vs.                               :
                                              :
                                              :
JOHN DOE subscriber assigned IP address       :
24.90.48.223,                                 :
                                              :
                        Defendant.            :
-----------------------------------------------------------------X
```

# DECLARATION OF DANIEL SUSAC IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

[Remainder of page intentionally left blank]

## DECLARATION OF DANIEL SUSAC IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

**I, DANIEL SUSAC, HEREBY DECLARE:**

1. My name is Daniel Susac.

2. I am over the age of 18 and am otherwise competent to make this declaration.

3. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

4. I am employed by Excipio GmbH ("Excipio") a company organized and existing under the laws of Germany, in its litigation support department.

5. Among other things, Excipio is in the business of providing forensic investigation services to copyright owners.

6. Excipio's system routinely monitors the BitTorrent file distribution network for the presence of copyrighted works, and identifies Internet Protocol ("IP") addresses that are being used by infringers to distribute these copyrighted works.

7. Plaintiff retained Excipio to monitor the BitTorrent file distribution network in order to identify IP addresses that are being used by to distribute Plaintiff's copyrighted works without authorization.

8. Excipio tasked me with effectuating, analyzing, reviewing and attesting to the results of this investigation.

9. During the performance of my duties, I used forensic software named Network Activity Recording and Supervision ("NARS") and related technology enabling the scanning of the BitTorrent file distribution network for the presence of infringing transactions involving Plaintiff's works.

10. NARS was correctly installed and initiated on a server.

SNY275  EXHIBIT C



11. Computer(s) using the IP address identified on Exhibit A to the Complaint ("Exhibit A") connected to Excipio's investigative server in order to transmit a full copy, or a portion thereof, of the digital media file identified by the file hash value set forth on Exhibit A to the Complaint. At no point did Excipio distribute any part of Plaintiff's copyrighted work. NARS is designed in such a way so that it is incapable of distributing any content.

12. The IP address, file hash value and hit date contained on Exhibit A correctly reflect what is contained in the evidence logs.

13. Our software analyzed each piece downloaded from the IP address identified on Exhibit A. Our software further verified that each piece was a portion of the digital media file identified by the file hash value as listed on Exhibit A.

14. Our software downloaded one or more pieces of each digital media file identified by the file hash value listed on Exhibit A from the IP address referenced on Exhibit A.

15. For each of the file hash values listed on Exhibit D to the Motion for Leave as being verified by Excipio, Excipio was provided with a control copy of Plaintiff's original copyrighted work. Excipio reviewed the copyrighted work side-by-side with the corresponding digital media file identified by the file hash value set forth on Exhibit A. Excipio verified that each digital media file, as identified by the file hash value, is a copy of the original work that is identical, strikingly similar or substantially similar to the original work listed on Exhibit B to the Complaint.

**FURTHER DECLARANT SAYETH NAUGHT.**

# DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __31__ day of __December__, 201__5__.

**DANIEL SUSAC**

By: _____