USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/29/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALIBU MEDIA, LLC,

              Plaintiff,

-against-

JOHN DOE subscriber assigned IP address 24.90.48.223,

              Defendant.

No. 15-CV-10133 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff is a husband-and-wife run company that produces adult erotic movies that it distributes to paying subscribers over the internet. Field Decl. ¶¶ 2–4.[1] On December 30, 2015, it commenced this action under the Copyright Act, 17 U.S.C. § 101 *et seq.*, alleging that Defendant—known presently only by his (or her) IP address—is a "persistent online infringer of Plaintiff's copyrights." Compl. ¶ 2. On January 21, 2016, Plaintiff moved *ex parte* for leave to serve expedited discovery. *See* Dkt. 5. Specifically, Plaintiff seeks permission to subpoena Defendant's internet service provider, Time Warner Cable ("ISP"), so that Plaintiff may learn Defendant's identity and proceed with this action. For the reasons that follow, Plaintiff's motion is granted.

Under Federal Rule of Civil Procedure 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except where such early discovery is authorized by court order. In determining whether to make such an exception, the

---

[1] While making no findings, the Court accepts as true the facts alleged in Plaintiffs' Complaint, memorandum of law, and supporting declarations for purposes of this Order. *See Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 240 (S.D.N.Y. 2012).

Court applies a "flexible standard of reasonableness and good cause, applying particularly careful scrutiny since plaintiff not only seeks expedition, but also moves on an *ex parte* basis." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005); *see also Pearson Educ., Inc. v. Doe*, No. 12-CV-4786 (BSJ) (KNF), 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012) (collecting cases); Local Civil Rule 6.1(d) (providing that "[n]o *ex parte* order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary"). Courts in this district generally find that this standard is met when "the plaintiff has stated a *prima facie* case and is unable to identify the defendants without a court-ordered subpoena." *adMarketplace, Inc. v. Tee Support, Inc.*, No. 13-CV-5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013).

Here, Plaintiff has stated a *prima facie* claim of copyright infringement "sufficient for purposes of this motion and appears to have no other way of obtaining the identities of the alleged infringers." *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). "To establish infringement of copyright, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiff has adequately alleged that it owns valid copyrights to the movies which Defendant has reproduced without authorization via the BitTorrent file sharing service. Compl. ¶¶ 3, 30–32 & Ex. B; Field Decl. ¶ 5. Furthermore, Plaintiff lacks any other avenue to ascertain the identity of Defendant. In similar circumstances, courts in this district have routinely granted motions to serve subpoenas upon ISPs to identify the persons associated with IP addresses responsible for the allegedly infringing activity. *See, e.g., Malibu Media, LLC v. John Does 1–11*, No. 12-CV-3810 (ER), 2013 WL 3732839 (S.D.N.Y. July 16, 2013); *John Wiley & Sons, Inc. v.*

*Doe Nos. 1–30*, 284 F.R.D. 185 (S.D.N.Y. 2012). And at least two courts have done so in essentially identical circumstances in companion cases to this one. *See Malibu Media, LLC v. John Doe*, No. 14-CV-8936 (VSB) (S.D.N.Y. Dec. 12, 2014) (Dkt. 10); *Malibu Media, LLC v. John Doe*, No. 14-CV-8937 (GHW) (S.D.N.Y. Dec. 22, 2014) (Dkt. 12).

Although willing to order expedited discovery, courts in these kinds of copyright infringement actions have nonetheless been mindful that there is a reasonable prospect that the defendant is not the individual or entity whose name and address are associated with the IP address in the service provider's records. *See, e.g.*, *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84–85 (E.D.N.Y. 2012). In today's world of ubiquitous wireless internet access, a single IP address may well support multiple users. As a result, "[d]ifferent family members, or even visitors, could have performed the alleged downloads." *Id.* That risk is even greater in the event the IP address belongs to a public access point, such as a coffee shop or restaurant offering free internet access to its patrons. Although Plaintiff's owners maintain that they have "repeatedly asked [their] attorneys to listen to exculpatory evidence and to be prudent and use caution when pursuing [their] claims," Field Decl. ¶ 15, courts have recognized that "[the] risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading [pornographic materials]." *Digital Sin*, 279 F.R.D. at 242 (internal quotation marks and citation omitted); *see also Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 372–73 (E.D.N.Y. 2013). For that reason, courts have regularly crafted procedures to ensure that the subscriber can contest the subpoena before his or her personal information is revealed. *See, e.g.*, *In re BitTorrent*, 296 F.R.D. at 93; *Digital Sin*, 279 F.R.D. at 244–45.

3

Accordingly, Plaintiff's motion for leave to serve expedited discovery is granted and it is hereby ordered that Plaintiff may immediately serve a third-party subpoena upon the ISP, pursuant to Federal Rule of Civil Procedure 45, requiring the ISP to disclose the name and street address (but **not** the telephone number or email address) associated with IP address 24.90.48.223.

It is further ordered that the following conditions, which serve to provide the person associated with the IP address (the "Subscriber") with a fair opportunity to contest the subpoena before his or her identity is disclosed to Plaintiff, are also imposed:

1. The subpoena shall have a copy of this Order attached.
2. The ISP shall have **15 days** from the date the subpoena is served upon it to serve Subscriber with a copy of the subpoena and a copy of this Order. The ISP may use any reasonable means to do so, including but not limited to written notice to Subscriber's last known address.
3. Subscriber shall have **45 days** from the date of service of the subpoena upon him or her to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously. **The ISP shall not produce any subpoenaed information to Plaintiff during this period.**
4. If this 45-day period lapses without Subscriber filing a motion to contest the subpoena, the ISP shall produce to Plaintiff all information necessary to comply with the subpoena within **10 days** thereafter.
5. The ISP may also move to contest the subpoena, consistent with the usual requirements of Federal Rule of Civil Procedure 45. If it does so, it shall ensure that its filings do not disclose to Plaintiff any identifying information concerning Subscriber.

6. If any motion is filed to contest the subpoena, the ISP shall not produce any subpoenaed information to Plaintiff until the Court has resolved the motion and has ordered the ISP to disclose the information.

7. The ISP shall preserve any subpoenaed information pending resolution of any motion to contest the subpoena.

The Clerk of Court is respectfully directed to terminate item number 5 on the docket.

SO ORDERED.

Dated: January 29, 2016
New York, New York

Ronnie Abrams
United States District Judge